UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRAZIER,

        Petitioner,

                                          CIVIL NO. 2:15-CV-12981
v.                                     HONORABLE GERALD E. ROSEN
                                          CHIEF UNITED STATES DISTRICT JUDGE

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Charles Frazier, ("Petitioner"), presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se*, petitioner challenges his conviction for possession with intent to deliver less than 50 grams of heroin, M.C.L.A. 333.7401(2)(a)(iv), possession of a firearm by a felon (felon-in-possession), M.C.L.A. 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Frazier*, No. 317087, 2015 WL 340450 (Mich. Ct. App. Jan. 27, 2015); *lv. den*. 866 N.W.2d 443 (Mich. 2015).

While petitioner's appeal of right was pending, petitioner filed a post-conviction

motion for relief from judgment, which was denied pursuant to M.C.R. 6.508(D)(1), which precludes a court from granting post-conviction relief while a defendant's direct appeal is pending in the Michigan Court of Appeals or Michigan Supreme Court. *People v. Frazier,* No. 12-007447-01-FC (Wayne County Circuit Court, Aug. 7, 2014).  Petitioner did not appeal the denial of the motion.

Petitioner has filed a petition for writ of habeas corpus, in which he seeks relief on the following grounds, which the Court will paraphrase for judicial economy:

I.  The trial court lacked subject-matter, personal, or territorial jurisdiction over the case.

II.  Petitioner was unlawfully arrested and detained by the police without a warrant on May 1, 2012 and was released on May 3, 2012 without being arraigned or charged.

III.  The Detroit Police Department unlawfully seized $ 1,201.00 from petitioner's house during a warrantless entry.

IV. On May 24, 2012, the magistrate judge signed an arrest warrant without being provided a proper duly filed criminal complaint.

V.  On May 25, 2012, the assistant prosecutor vindictively authorized the issuance of a warrant.

VI.  Petitioner appeared in the circuit court a number of times in May and July of 2012 in another case without being informed of any pending charges.

VII.  The state court record is void of a prosecutor's authorization for a warrant, criminal complaint, examination return, or other charging documents.

VIII.  There is no certified state record showing that petitioner was ever brought before any court to plead to any formal charges or to be personally served process.

IX.  The 36th District Court adjourned Petitioner's preliminary examination beyond the fourteen day period for conducting the examination.

X.  Petitioner was constructively denied the assistance of counsel where an

attorney was not appointed for him until moments before the preliminary examination.

XI. The court allowed the prosecutor to "judge shop" by reassigning the preliminary examination to another judge.

XII. The examining magistrate was not neutral or detached nor did he take notice that the court lacked jurisdiction over petitioner's case. The examining magistrate deprived petitioner of a full and fair hearing.

XIII. Fraud was perpetrated on the court by the judge and prosecutor.

XIV. The district court magistrate failed to file a proper return to the Wayne County Circuit Court following the preliminary examination.

XV. The Wayne County Circuit Court lacked a duly filed information against petitioner.

XVI. No district court register of actions was ever served upon petitioner nor does it exist in the Wayne County Circuit Court record.

XVII. The Wayne County Circuit Court judge improperly denied the motion to quash the information.

XVIII. Michigan's one court of justice denied petitioner his right to appeal and access to the courts by refusing to accept petitioner's pro per motions, briefs, and pleadings and by appointing appellate counsel for petitioner.

XIX. Petitioner was denied transcripts by the courts and appointed appellate counsel.

XX. Trial counsel was ineffective for failing to challenge the constitutionally infirm charging documents.

XXI. Petitioner was denied the effective assistance of appellate counsel where counsel ignored the issues raised by petitioner in his habeas application which are stronger than those raised on appeal by appellate counsel.

XXII. Petitioner was denied the effective appellate review on his first appeal of right by the Michigan Court of Appeals and appellate counsel.

## II. Discussion

The petition for writ of habeas corpus must be dismissed, because petitioner has

failed to exhaust his state court remedies with respect to most, if not all, of his claims.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). The instant petition is subject to dismissal, because petitioner has failed

to allege or indicate in his petition that he has exhausted his state court remedies with respect to his claims. *See Peralta v. Leavitt,* 56 Fed. Appx. 534, 535 (2nd Cir. 2003); *See also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). Petitioner, in fact, appears to acknowledge that most, if not all, of his claims are unexhausted because he alleges that appellate counsel ignored the claims that petitioner raises in his petition which he wanted raised on his direct appeal.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel may have been ineffective in failing to raise petitioner's claims on his appeal of right would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust his claim or claims, as the Court will explain below. *See Gray v. Wingo,* 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures). In fact, if petitioner is also seeking habeas relief based on appellate counsel's failure to raise these claims on his appeal of right, such a claim of ineffective assistance of appellate counsel is also subject

to the exhaustion requirement. *See Baldwin v. Reese,* 541 U.S. 27, 30-33 (2004).

The mere fact that petitioner may have attempted to raise some of his claims in his post-conviction motion for relief from judgment does not alter this analysis. Petitioner's first post-conviction motion was filed prematurely, because his direct appeal was still pending with the Michigan Court of Appeals when he filed this motion with the Wayne County Circuit Court. Under M.C.R. 6.508(D)(1), a Michigan court may not grant relief from judgment if the criminal defendant's motion seeks relief from the judgment of a conviction and sentence that still is subject is to challenge on appeal under M.C.R. 7.200 [the court rules for the Michigan Court of Appeals] or M.C.R. 7.300 [the court rules for the Michigan Supreme Court]. *People v. McSwain*, 259 Mich. App. 654, 679; 676 N.W. 2d 236 (2003).

Petitioner's post-conviction motion was prematurely filed, thus, the trial court lacked jurisdiction to grant relief to petitioner. A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain,* 179 F. 3d 271, 275 (5th Cir. 1999)(internal quotation omitted). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001).

Moreover, petitioner does not appear to have raised several of his claims, particularly his claims alleging the biased judge at the preliminary examination, the circuit court judge's denial of the motion to quash, the ineffective assistance of trial or appellate counsel and the denial of a right to meaningful appeal in his prematurely filed post-conviction motion.

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust his claims. Petitioner may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq*. raising the unexhausted claims and pursue these claims in the state appellate courts as necessary. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009); *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Although petitioner previously filed a motion for relief from judgment, that motion was dismissed for being prematurely filed, thus, petitioner may still file a motion for relief from judgment to exhaust these claims. *See LeBlanc v. Romanowski*, No. 14-CV-13219, 2015 WL 4715951, at *2 (E.D. Mich. Aug. 7, 2015). The unexhausted claims concern a matter of federal law which may warrant further review. These claims should, therefore, be addressed to and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *See Rhines v. Weber,* 544 U.S. 269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust his claims, rather than dismissing it without prejudice. The Michigan Supreme Court denied petitioner's application for leave to appeal on July 28, 2015. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing

habeas petitions did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). If petitioner does not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment would become final, for the purpose of commencing the running of the one year limitations period, on October 26, 2015. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on August 1, 2015, before petitioner's conviction became final with the state courts.[1] Moreover, 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on August 1, 2015, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

Mich. 2001).

### III. Conclusion

The Court summarily dismisses the petition for writ of habeas corpus without prejudice.

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claim or claims. *See Colbert v. Tambi,* 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: September 4, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 4, 2015, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135