UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRAZIER,

                Petitioner,                No. 15-cv-12981

vs.                                      Hon. Gerald E. Rosen

SHIRLEE HARRY,

                Respondent.
_____/

ORDER DENYING MOTION FOR RECONSIDERATION

 At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on October 23, 2015

PRESENT:   Honorable Gerald E. Rosen
                        United States District Chief Judge

This matter is presently before the Court on Petitioner Charles Frazier's Motion for Reconsideration of the Court's September 4, 2015 Opinion and Order summarily dismissing his petition for a writ of habeas corpus, without prejudice, and declining to issue a certificate of appealability or grant leave to appeal *in forma pauperis*.

The requirements for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(1), (3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g); *see also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter

or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A .*, 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

By application of the foregoing authorities, the Court will deny Petitioner Frazier's September 18, 2015 motion.

The Court summarily dismissed Frazier's petition for a writ of habeas corpus, without prejudice, because he failed to exhaust his state court remedies and failed to establish that exhaustion was excused due to a lack of opportunity to obtain relief in the state courts or that the state corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *See Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sitto v. Bock*, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002).

Petitioner's motion for reconsideration presents no information or argument that would lead the Court to conclude that its original decision was based upon a palpable defect. Petitioner does not dispute that he has not exhausted his state court remedies and he has not established a lack of opportunity to obtain relief or a clearly deficient state corrective process.  By the present motion, Petitioner is merely attempting to obtain a reversal of the Court's decision by presenting issues already ruled upon and re-hashing arguments that it previously raised in litigating this matter.  Neither Fed. R. Civ. P. 59(e) nor Local Rule 7.1 are proper vehicles for such arguments.

For these reasons,

IT IS HEREBY ORDERED that Petitioner's Motion for Reconsideration **[Dkt. # 9]** is DENIED. Further, for the reasons previously stated in its September 4, 2015 Opinion and Order, the Court also denies a Certificate of Appealability and denies leave to proceed on appeal *in forma pauperis*.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 23, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135