UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRAZIER,

                    Petitioner,                No. 15-cv-12981

vs.                                    Hon. Gerald E. Rosen

SHIRLEE HARRY,

                    Respondent.
_____/

ORDER DENYING PETITIONER'S RULE 60(b) MOTION
TO AMEND JUDGMENT AND MOTION FOR
JUDGMENT ON THE PLEADINGS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on December 17, 2015

PRESENT:   Honorable Gerald E. Rosen
                    United States District Chief Judge

On August 21, 2015, Charles Frazier, presently confined at the Pugsley Correctional Facility in Kingsley, Michigan, filed a petition for a writ of habeas corpus challenging his conviction for possession with intent to deliver less than 50 grams of heroin, possession of a firearm by a felon (felon-in-possession), and possession of a firearm during the commission of a felony (felony-firearm). On September 5, 2015, this court summarily dismissed the petition, without prejudice, due to Petitioner's failure to exhaust his available state court remedies and his failed to establish that exhaustion was excused due to a lack of opportunity to obtain relief in the state courts or that the state

1

corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts.  The Court also declined to issue a certificate of appealability and denied leave to appeal *in forma pauperis*.

Thereafter, Petitioner moved for reconsideration of the Court's Order and Judgment.  Finding that Petitioner failed to demonstrate that the Court's original decision was based upon a palpable defect and that Petitioner was merely attempting to obtain a reversal of the Court's decision by presenting issues already ruled upon by re-hashing arguments that he previously raised in litigating this matter, on October 23, 2015, the Court denied Petitioner's motion for reconsideration.

Undeterred, on November 19, 2015, Petitioner sought relief from the Court's previous orders and Judgment by filing a "Motion to Amend Judgments" pursuant to Fed. R. Civ. P. 60(b)(1) and (6).

Both the U.S. Supreme Court and this Court have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986).

Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity mandate relief."  *Olle v. Henry & Wright Corp.*, 910

2

F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  A claim of simple error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b).  *Pierce v. UMW Welfare & Retirement Fund, supra*, 770 F.2d at 451.

Petitioner has not shown such exceptional circumstances.  Rather, all he has done is argue the same issues he previously argued.  He presents no new law nor any new evidence supporting his bare assertions that his conviction and sentence were "void on their face."  Nor has he demonstrated that he exhausted his state court remedies with respect to any of the 22 claims he raised in his habeas petition.  A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F. 3d 271, 275 (5th Cir. 1999)(internal quotation omitted). Though Petitioner obviously disagrees with the outcome of his state court trial and this Court's previous decisions with respect to his habeas petition, such disagreement is insufficient to warrant the exceptional relief he seeks.

Petitioner also filed a "Motion for Judgment on the Pleadings" on December 15, 2015.  In this motion, Petitioner requests an "injunction to stay all State Court Judgments procured by fraud." Once again, Petitioner makes the same conclusory arguments in this motion that he made in his previous motions.  And, he certainly has not demonstrated with the particularity required by Fed. R. Civ. P. 9(b) the circumstances constituting the alleged fraud which he claims led to his state court conviction and judgment.

For all of these reasons,

IT IS HEREBY ORDERED that Petitioner's "Motion to Amend Judgment" **[Dkt. # 12]** and his Motion for Judgment on the Pleadings **[Dkt. # 13]** are DENIED.

IT IS FURTHER ORDERED that Petitioner is ENJOINED from filing any further motions in this case without first seeking and obtaining leave of this Court.  Such leave shall not be granted unless Petitioner can show (i) that the issues he seeks to present have not yet been addressed in the Court's prior rulings, and (ii) that his filing is made in good faith and the issues he raises are neither frivolous nor abusive of the judicial process.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 17, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4